UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>THIRD BENCH HOLDINGS LLC;<br>LAS CRUCES CABINETS LLC<br>d/b/a SHER-WOOD CABINETRY<br><br>　　　　　　　Defendants. | CIVIL ACTION NO. 2:23-cv-659<br><br>COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 as amended ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis retaliation and to provide appropriate relief to Gabriel Dominguez, Yasmin Saenz, and Lori Nawman who were adversely affected by such practices. As alleged with greater particularity in paragraphs 15-43 below, Defendants discriminated against Dominguez, Saenz and Nawman when Defendants retaliated against them because they engaged in protected activities in violation of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico.

# PARTIES

3. Plaintiff Equal Employment Opportunity Commission ("EEOC") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1), (3).

4. Defendant Third Bench Holdings LLC, a New Mexico corporation headquartered in Salt Lake City, Utah, is a holding company that owns several millwork, cabinet installation, and property renovation companies, including Las Cruces Cabinets LLC.

5. Defendant Las Cruces Cabinets LLC d/b/a Sher-Wood Cabinetry, a Utah corporation headquartered in Las Cruces, NM, is one of the millwork and cabinet installation companies owned by Third Bench Holdings LLC.

6. At all relevant times, Defendants operate as an integrated business enterprise and collectively had at least fifteen (15) employees on a continual basis at times relevant to this civil action. Evidence of their operation as an integrated enterprise includes but is not limited to the following:

   a. Defendant Third Bench Holdings LLC operates several subsidiary companies, including Defendant Las Cruces Cabinets LLC d/b/a Sher-Wood Cabinetry. Together, these companies provide cabinetry installation and millwork for residential and commercial properties.

   b. Defendants' operations are interrelated. Defendants shared a single controller for all budget and payroll purposes, have tax records stored in the same location, and jointly use the same employment policies including a shared employee handbook.

   c. Defendants have common ownership.

    d.  Defendants share common management. Defendant Third Bench Holdings LLC's Acting Chief Operating Officer David Greig and Chief Operating Officer make employment decisions for Defendant Las Cruces Cabinets LLC d/b/a Sher-Wood Cabinetry.

    e.  Defendants have centralized control of labor relations. These labor relations include reimbursement and budgetary procedures, payroll, and other human resources functions. Certain employees engaged in responsibilities for both Defendants including human resources and accounting personnel.

7. At all relevant times, Defendants have continuously been doing business in the State of New Mexico and maintained at least fifteen employees.

8. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

9. On November 8, 2021, more than thirty days prior to the institution of this lawsuit, Gabriel Dominguez, Yasmin Saenz, and Lori Nawman each filed a charge of discrimination with EEOC, alleging that the Defendants violated Title VII.

10. On March 22, 2023, EEOC issued to Defendants three Letters of Determination relating to Dominguez, Saenz, and Nawman's respective allegations, finding reasonable cause to believe Title VII was violated. In this same letter, EEOC invited Defendants to join in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. EEOC engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letters of Determination.

12. EEOC was unable to secure conciliation agreements acceptable to EEOC from Defendants.

13. On May 3, 2023, EEOC issued to Defendants three Notices of Failure of Conciliation, one for each of the charges of discrimination, advising Defendants that EEOC was unable to secure acceptable conciliation agreements.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. Since at least October 2021, Defendants have engaged in unlawful employment practices, in violation of Section 704(a) of Title VII, 42 U.S.C.§ 2000e-3(a) when Defendants terminated Dominguez, demoted Saenz, and terminated Nawman, all in retaliation for each of them having engaged in statutorily protected activities.

16. Dominguez worked for Defendant Las Cruces Cabinets LLC d/b/a Sher-Wood Cabinetry at the Las Cruces facilities before Defendant Third Bench Holdings acquired the company in October 2020. Dominguez kept his responsibilities and title as the Countertop Shop Manager following the acquisition.

17. As Countertop Shop Manager, Dominguez oversaw the installation of countertop and cabinets for both residential and commercial projects.

18. Like Dominguez, Saenz also worked for Defendant Las Cruces Cabinets LLC d/b/a Sher-Wood Cabinetry at the Las Cruces facilities prior to October 2020. Saenz also kept her responsibilities and title as General Manager of locations originally operated by Defendant Las Cruces Cabinets LLC.

19. As General Manager, Saenz supervised employees in the sales and installation departments and was responsible for handling customer complaints, customer orders from the showroom, and product distribution.

20. Dominguez and Saenz, both of whom are Hispanic, are married to each other

21. Nawman, non-Hispanic, began working as Defendant Third Bench Holdings LLC's Human Resources Manager on May 17, 2021.

22. As Human Resources Manager, Nawman was responsible for recordkeeping, signing subsidiary checks, handling requests for leave and reasonable accommodations, handling complaints of harassment or discrimination including conducting investigations, preparing employee policies such as the employee handbook, and ensuring compliance with other laws such as worker's compensation and safety laws.

23. Beginning in or around August 2021, Saenz reasonably believed Hispanic managers, including herself, were being treated differently than other non-Hispanic managers. Saenz became aware of certain information which led her to reasonably believe that she and Dominguez were not permitted to engage in certain duties and did not receive timely reimbursements as compared to non-Hispanic managers. Saenz also felt she received disproportionate oversight from Defendant Third Bench Holdings LLC's Controller Melissa Johnson when compared to oversight of other managers.

24. In August 2021, during a management meeting, Saenz openly complained about the different treatment she believed she was receiving because she is Hispanic. Following this complaint, Saenz was excluded from future meetings.

25. In late August 2021, Saenz complained to Defendant Third Bench Holdings LLC's Acting Chief Operating Officer David Greig about the above issues. Saenz specifically noted she

felt she was being discriminated against because she is Hispanic. Greig told Saenz "not to go to HR" and that "[he and Saenz] could fix it between themselves." Despite the redirection and assurance by the COO, Saenz was given no reason to believe that Greig exercised his responsibility to take further preventative, corrective or remedial action at that time.

26. On September 13, 2021, Saenz complained about the above-mentioned issues a second time, this time to Human Resource Manager Nawman. Upon receiving Saenz's complaint, Nawman forwarded the information she received to Defendant Third Bench Holdings LLC's Chief Executive Officer, David Fair, and part owner David Rees. That same day, Nawman sent an email to Johnson, Fair, Rees, and Saenz requesting that all communications from Johnson go through Fair and then to Saenz.

27. On September 16, 2021, Saenz complained a third time to Nawman, this time stating that Johnson was condescending and withholding work-related assistance from Saenz and Dominguez. Saenz said she was scared to report because Johnson would punish her for complaining by "messing with [Saenz and Dominguez's] finances."

28. On September 26, 2021, Nawman informed Greig and Fair that she felt Johnson was harassing her for expressing concern of Saenz's complaints. Greig and Fair did not take further corrective or remedial action at that time.

29. On October 12, 2021, Saenz complained a fourth time to Nawman, stating that her situation with Defendants was "getting worse" and that she felt she was being retaliated against by Johnson and Greig for her complaints.

30. On October 13, 2021, Nawman opened an internal HR investigation into Saenz's complaints. She interviewed several managers, including Saenz's husband Dominguez, as part of the internal investigation.

31. After she conducted interviews, Nawman sent an email to Rees and Fair with interview notes including notes from Dominguez's interview.

32. On October 14, 2021, Nawman sent an email titled: "Yazmin Saenz Title VII Complaint" to Fair and Rees, asking them to call her because she was trying to investigate Saenz's concerns. Nawman had not yet concluded her investigation into the matters raised by Saenz.

33. Later that day, Dominguez was terminated at the order of Greig and Fair.

34. That same day, Saenz was demoted from General Manager to Salesperson also at the order of Greig and Fair.

35. In the Salesperson role to which she was demoted, Saenz was limited to selling products on the showroom floor. Saenz was no longer given authority or responsibility for overseeing employees. Further, as a result of the downgrade or her position, Saenz was not authorized to carry on with her responsibility for handling customer complaints or distribution matters. Meanwhile, Saenz was removed from her office space and placed out on the showroom floor.

36. Following Dominguez's termination and Saenz's demotion, Nawman believed that Johnson continued to subject her to harassment.

37. On October 22, 2021, Nawman informed Rees and Fair that she intended to file a charge of discrimination with EEOC because of Johnson's continued harassment of her.

38. Defendants then hired Cristin Heyns-Bousliman, a third-party human resources contractor, to investigate Nawman's concerns.

39. On November 1, 2021, Nawman was interviewed by Heyns-Bousliman who advised Nawman that she did not have standing to make a claim under Title VII and then attempted to convince her not to file a charge.

40. On November 4, 2021, three days after her interview with human resources, Nawman was terminated by Heyns-Bousliman at the order of Fair.

41. Defendants' decisions to terminate Dominguez, demote Saenz, and terminate Nawman were in retaliation for engaging in statutorily protected activities in violation of Title VII.

42. The unlawful employment practices complained of in paragraphs 15-43 above were intentional.

43. The unlawful employment practices complained of in paragraphs 15-43 above were done with malice or with reckless indifference to Dominguez, Saenz, and Nawman's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, successors, and all persons in active concert or participation with them from retaliating against any individual for engaging in an activity protected under Title VII.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals engaging in protected activities that eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole Dominguez and Nawman, who were adversely affected by Defendants' discriminatory conduct, by providing appropriate back pay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of their unlawful employment practices described in paragraphs 15-43 above, including but not limited to reinstatement or front pay in lieu thereof.

D.     Order Defendants to make whole Dominguez, Saenz and Nawman, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 15-43 above, including but not limited to job search expenses, in an amount to be determined at trial;

E.     Order Defendants to make whole Dominguez, Saenz, and Nawman by providing compensation for past and future non-pecuniary losses and harms resulting from the unlawful employment practices described in paragraphs 15-43 above, including but not limited to emotional pain, suffering, inconvenience, and loss of enjoyment of life in amounts to be determined at trial.

F.     Order Defendants to pay Dominguez, Saenz, and Nawman punitive damages for their malicious or reckless conduct described in paragraphs 15-43 above in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award EEOC its costs in this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

ROBERT A CANINO
Regional Attorney
Oklahoma State Bar No. 011782

COMPLAINT                                                                                                                          9

        SUZANNE M. ANDERSON
        Assistant Regional Attorney
        Texas State Bar No. 14009470

        <u>/s/ Brooke E. López</u>
        BROOKE E. LÓPEZ
        Trial Attorney
        Texas State Bar No. 24125141

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Dallas District Office
        207 Houston, 3rd Floor
        Dallas, Texas 75202
        (TEL) (972) 918-3597
        (FAX) (214) 253-2749