**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

v.                                                                  Case No.: 2:23-cv-00659-MLG-GBW

THIRD BENCH HOLDINGS LLC;
LAS CRUCES CABINETS LLC
d/b/a SHER-WOOD CABINETRY

      Defendants.

## CONSENT DECREE

This Consent Decree is made and entered into by and between the Plaintiff United States Equal Employment Opportunity Commission ("EEOC") and Defendants Third Bench Holdings LLC and Las Cruces Cabinets LLC d/b/a Sher-Wood Cabinetry ("Defendants"). This Consent Decree resolves the EEOC's claims in the above-referenced civil action. EEOC's Complaint alleged that Defendants demoted Yazmin Saenz and terminated Gabriel Dominguez and Lori Nawman in retaliation for participating in protected activities, in violation of Title VII of the Civil Rights of 1964 ("Title VII"). *See* Doc. 1.

The Parties wish to settle this action, without the necessity of further litigation, pursuant to the terms delineated in this Consent Decree.

Now, therefore, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and therefore, it is hereby ordered that:

EEOC and Defendants agree to compromise and settle the disputed claims and the differences embodied in the Complaint filed by EEOC and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree.

## I. GENERAL TERMS

1. This Court has jurisdiction to enforce the provisions set forth in this Consent Decree.

2. This Consent Decree resolves all issues raised in EEOC Charge Numbers 453-2022-00087, 453-2022-00088, 543-2022-00026 (the "Charges"). EEOC waives further litigation of all issues raised in its Complaint and releases Defendants, their owners, investors, managers, officers, agents, successors, contractors, attorneys, and other persons in active concert of participation with Defendants, including but not limited to insurers and reinsurers. EEOC expressly reserves its right to litigate any other charges which may now be pending, or which may in the future be filed, against Defendants.

3. For the duration of this Consent Decree, Defendant Third Bench Holdings LLC ("TBH"), its managers, officers, agents, successors, and other persons in active concert or participation with TBH; or any other person or entity acting on behalf of TBH are enjoined from (1) engaging in any employment practice that discriminates in violation of Title VII and (2) retaliating against any person because of opposition to any practice made unlawful pursuant to Title VII or who participates in any way in the filing, investigation, litigation, or resolution of any complaint of discrimination. EEOC acknowledges that Defendant Las Cruces Cabinets LLC d/b/a Sher-Wood Cabinetry is no longer in business. Defendant Las Cruces Cabinets LLC agrees that, if it resumes operations during the term of the Consent Decree, it shall also be enjoined from engaging in any discriminatory and retaliatory employment practices in violation of Title VII.

## II.     MONETARY RELIEF

4.     Defendants shall pay a total of $165,000.00 in settlement of the claims raised in this case. Within ten (10) days after the effective date of the Consent Decree, EEOC will provide Defendants' counsel with the specific amounts of damages to be paid to Mr. Dominguez, Ms. Nawman, and Ms. Saenz. After EEOC has identified the specific amounts to be paid, TBH will issue a 1099 to Mr. Dominguez, Ms. Nawman, and Ms. Saenz for those amounts. No deductions shall be taken from these amounts. TBH or its insurer shall make payment by issuing checks payable to Mr. Dominguez, Ms. Nawman, and Ms. Saenz within thirty (30) days of receiving notice from EEOC of the specific amounts to be paid to Mr. Dominguez, Ms. Nawman, and Ms. Saenz.

TBH or its insurer or counsel shall mail the checks to Mr. Dominguez, Ms. Nawman, and Ms. Saenz at addresses provided by EEOC. Within ten (10) days after the check has been sent, Defendants shall send to the undersigned counsel via e-mail an electronic copy of the checks and proof of its delivery.

5.     The EEOC may be required to report the fact of this settlement to the Internal Revenue Service ("IRS") under Section 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes.  If the EEOC is required to do so, the EEOC will provide TBH with a copy of the 1098-F form that it will provide to the IRS.  For purposes of issuing the 1098-F form:

TBH's EIN is:  84-2422716.  The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

       Name:                    David Fair
       Physical Address:   175 S. Main Street
                                      Salt Lake City, UT 84111

6. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the 1098-F form does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this Consent Decree qualify for a deduction under the Internal Revenue Code.

### III. NON-MONETARY RELIEF

7. Within forty-five (45) days of the effective date of this Consent Decree, TBH shall create and distribute a protocol for effectively reporting discrimination and harassment. The protocol shall provide clear instructions for taking and documenting the following steps:

   a. recording all complaints of discrimination in a central file that will not be destroyed or removed if and when an employee's employment ends;

   b. conducting an investigation appropriately tailored to said complaints;

   c. determining the appropriate method of gathering all information necessary to evaluate said complaints;

   d. recording and preserving all substantive communications regarding said complaints; and

   e. recording the outcome of investigations or decisions related to said complaints, including a detailed explanation of the reasons for taking any associated employment action.

This protocol shall be added to the TBH Employee Handbook. Defendants shall report compliance to EEOC within ten (10) days of the creation and distribution of this protocol.

8. Within forty-five (45) days of the effective date of this Consent Decree, TBH shall adopt, implement, and distribute a written anti-discrimination and retaliation policy. The policy shall include, at a minimum, a detailed explanation of:

      a.      the prohibition of Title VII discrimination in all terms, conditions, and privileges of employment;

      b.      an employee's right to be free from retaliation for making a complaint of discrimination, opposing practices they consider to be discriminatory, participating in protected activity, or providing information related to complaints of discrimination; and

      c.      an explanation of the protocols described in Paragraph 2.

TBH shall report compliance to EEOC within ten (10) days of the creation and distribution of this policy. This policy shall be added to the TBH Employee Handbook.

9. Within sixty (60) days after the effective date of the Consent Decree, TBH shall distribute the Employee Handbook to all employees working for TBH or any of its subsidiaries. TBH shall report compliance to EEOC within ten (10) days of the initial distribution of the amended handbook. During the term of this Consent Decree, TBH shall distribute this policy to all new employees and review it with them at the time of hire.

10. Within forty-five (45) days of the effective date of this Consent Decree, TBH shall electronically distribute the Notice appended hereto as Exhibit A to all employees, including any new employees hired during the duration of this Consent Decree. TBH shall also post a paper copy of the Notice in a location where it is visible to all employees. The Notice shall remain posted for the duration of this Consent Decree. Within ten (10) days of distribution and/or posting, whichever is later, TBH shall notify EEOC that the Notice has been electronically distributed and posted pursuant to this provision.

11. Within ninety (90) days of the effective date of this Consent Decree, and for each year that this Consent Decree is in effect, TBH shall provide two (2) hours of annual mandatory training for all its employees, including its subsidiaries. Each training program shall include an explanation of the requirements of Title VII, to whom and by what means employees may

complain if they feel they have been subjected to discrimination in the workplace, the respective prohibitions against Title VII discrimination including the prohibition against retaliation in the workplace. Each training program shall also include an explanation of the policies and protocols defined in the paragraphs above. During these training programs, TBH shall advise all permanent employees or independent contractors, of their duty to actively monitor their worksites to ensure employees' compliance with the company's policy against Title VII discrimination to report any incidents and/or complaints of discrimination of which they become aware to the persons charged with handling such complaints, provided that such persons are not the individuals alleged to have perpetrated such discrimination. Within ten (10) days after completion of each training program, TBH shall certify to EEOC that the specific training which was undertaken and shall provide EEOC with a roster of all individuals in attendance.

12. Within ninety (90) days of the effective date of this Consent Decree David Fair and David Greig (if still employed by TBH or one of its subsidiaries) shall take part in four (4) hours of third-party training on employment discrimination, including retaliation, which is appropriately targeted toward senior executives. Within ten (10) days after completion of Mr. Fair's and Mr. Greig's respective trainings, TBH shall certify to EEOC that the specific training was undertaken by providing the date(s) of training, length(s) of training, the subject of training, and the name and qualifications of the training individual or entity.

13. Within ten (10) days of the entry of this Consent Decree by the Court, Defendants shall segregate from its employment records any and all documents, entries, or references of any kind relating to this litigation and administrative processes. These segregated documents shall be placed in a separate folder, whether virtual or physical, that can either be stored on site or with

Defendants' counsel. Within ten (10) days of the entry of this Consent Decree by the Court, Defendants shall report compliance with this provision to EEOC.

14. TBH agrees that if it receives any inquiry about Mr. Dominguez, Ms. Nawman, or Ms. Saenz from a potential employer, it will provide only verification of employment dates and positions. TBH agrees it will not reference the matters arising under or relating to any charges of employment discrimination and/or this lawsuit.

15. EEOC may review compliance with this Consent Decree. As part of such review, and upon providing reasonable notice, EEOC may inspect TBH facilities, interview employees, and examine and copy documents if EEOC determines TBH is not complying with the terms of this Consent Decree.

16. Neither EEOC nor Defendants shall contest the validity of this Consent Decree, the jurisdiction of the federal district court to enforce this Consent Decree and its terms, or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either party. Nothing in this Consent Decree shall be construed to preclude EEOC from enforcing this Consent Decree in the event that Defendants fail to perform the promises and representations contained herein. EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court for the District of New Mexico and will reserve the right to seek costs related to any efforts to secure such compliance.

17. All reports or other documents sent to EEOC by TBH pursuant to this Consent Decree shall be sent electronically by e-mail to Trial Attorney Brian Hawthorne at brian.hawthorne@eeoc.gov. Any communication from EEOC to TBH pursuant to or regarding this Consent Decree shall be sent electronically by e-mail to TBH's designated point of contact. If at any time during the term of this Consent Decree TBH's designated point of contact changes,

TBH shall notify EEOC and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

18. The terms of this Consent Decree shall be binding upon the Defendants, their agents, officers, employees, servants, successors, and assigns, as to the issues resolved herein.

19. The duration of this Consent Decree shall be three (3) years from the effective date of this Consent Decree. This Court shall retain jurisdiction of this action during the period of this Consent Decree and may enter such other and further relief as it deems appropriate to ensure implementation and enforcement of the provisions of this Consent Decree. Any non-compliance with this Consent Decree by Defendants shall toll the running of this three-year period as of the date of non-compliance.

20. The effective date of this Consent Decree shall be the date when it is signed and filed by the Court.

21. Each party shall bear its own costs, including attorneys' fees incurred in this action.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

# ATTACHMENT A

# NOTICE TO ALL EMPLOYEES

**This NOTICE will be conspicuously posted for a period of three (3) years at all places where employment notices are posted. It must not be altered, defaced, or covered by any other material.**

**POLICY:** Discrimination of any kind can and often will detract from employees' job performance, discourage employees from remaining on the job, keep employees from advancing in their careers and lower overall employee morale and productivity. It is the policy of Third Bench Holdings LLC that discrimination is unacceptable and will not be condoned.

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the position of Title VII of the Civil Rights Act of 1964, as amended, and the Equal Employment Opportunity Commission's guidelines on discrimination and retaliation and to reiterate Third Bench Holdings LLC's policy on harassment.

**SCOPE**: This policy extends to all employees of Third Bench Holdings LLC—both management and non-management, permanent employees and independent contractors.

**DEFINITIONS:** Discrimination occurs when an employment decision is made based on a person's race, national origin, gender, color, religion, age or disability rather than on legitimate factors. Harassment is a form of discrimination and includes unwelcome conduct that is based on race, color, sex, religion, national origin, disability, and/or age. Harassment becomes unlawful where 1) enduring the offensive conduct becomes a condition of continued employment, or 2) the conduct is severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive. Retaliation occurs when adverse employment action is taken against an employee because he/she opposed or complained about discrimination in the workplace or participation in an investigation, proceeding or hearing under Title VII. Retaliation can include demotion, change in responsibilities, change in pay or termination.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedure, and activities are in full compliance with applicable federal, state, and local equal employment laws, statute, rules, and regulations regarding discrimination and retaliation. Employees are expected to read, understand, and follow the policies that Third Bench Holdings LLC have established to prevent discrimination and retaliation.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination is expected to report the conduct as soon as possible to either that person's immediate supervisor, any supervisor or manager with Third Bench Holdings LLC or to the Human Resources professional _____, who may be contacted at _____ or by telephone at _____. Supervisors and managers who are informed of an alleged incident of discrimination, including retaliation, must immediately notify the Human Resources Department.

9

**Equal Employment Opportunity Commission**

A person either, alternatively or in addition to reporting such an allegation to company officials, may contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the U.S. EEOC office is 207 South Houston, Dallas, Texas 75202; (800) 669-4000. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS**: A complete investigation of each complaint will be undertaken immediately by Third Bench Holdings, LLC. The investigation may include interviews, inspection of documents, including personnel records, and full inspection of the premises.

**PUNISHMENT FOR VIOLATION:** Employees engaged in discriminatory conduct, including supervisors and managers, can expect serious disciplinary action. After appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964. Third Bench Holdings, LLC will not punish you for reporting discrimination simply because you have made a complaint under the above guidelines.

**PROTECTION OF PRIVACY:** The question of whether a particular action or incident constitutes discrimination requires a determination based on all available facts. Third Bench Holdings LLC will therefore make a concerted effort to protect the privacy of all personnel. Confidential information will be shared on a need-to-know basis to complete the investigation and to deal appropriately with the situation.

**EXCEPTIONS:** There are no exceptions to this policy.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR A PERIOD OF THREE (3) YEARS.**

Signed this _____ day of _____, 2024.

_____                    _____
Date                                    On Behalf of:
                                        Third Bench Holdings, LLC